# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-103-JDR-SH

SHERROD DONYALE WATERHOUSE,

*Petitioner,*

*versus*

REAR ADMIRAL GREGORY SLAVONIC (RET.), *Interim Commissioner,*[1]

*Respondent.*

## OPINION AND ORDER

Petitioner Sherrod Donyale Waterhouse, a person committed to the custody of the Oklahoma Department of Mental Health and Substance Abuse Services, seeks federal habeas relief under 28 U.S.C. § 2241 and contends he is challenging the validity of his conviction or sentence as imposed. Dkt. 1 at 1, 3.[2] Mr. Waterhouse raises three grounds for relief. *Id.* at 7. Respondent moves to dismiss the petition, asserting that all claims are unexhausted and untimely. Dkts. 15 and 16. The Court considered Mr. Waterhouse's petition and supplement [Dkts. 1 and 14], Respondent's motion and brief in support [Dkts. 15 and 16], Mr. Waterhouse's response [Dkt. 17] and applicable law. For the following reasons, the motion to dismiss [Dkt. 15] is granted.

---

[1] Because Mr. Waterhouse is committed to the custody of the Department, the proper party respondent in this matter is Rear Admiral Gregory Slavonic (Ret.), Interim Commissioner. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts.* Therefore, Admiral Gregory Slavonic is substituted in place of the State of Oklahoma, as party respondent. The Clerk of Court shall note the substitution on the record.

[2] The Court's citations refer to the CM/ECF header pagination.

No. 25-cv-103

## I

In 2005, Mr. Waterhouse was charged in Oklahoma County District Court, Case No. CF-2005-2220, with robbery with a dangerous weapon (count 1), attempted larceny from a person (count 2), and attempted robbery with a dangerous weapon (count 3). Dkt. 16-2. Count 3 was ultimately dismissed for lack of evidence. *See* Dkt. 16-3. On November 20, 2006, the state and Mr. Waterhouse stipulated that Mr. Waterhouse was insane at the time of his crimes and did not understand the nature of his actions. Dkt. 16-5. As a result, the state court determined Mr. Waterhouse was not guilty by reason of insanity as to counts 1 and 2. Dkt. 16-6. On May 18, 2007, the state district court committed Mr. Waterhouse to the custody of the Department. Dkt. 16-8.

On January 21, 2021, based upon an official recommendation by the Forensic Review Board, Mr. Waterhouse was released pursuant to rules, conditions and a release plan. Dkts. 16-31 and 16-32. On July 18, 2023, the state dismissed counts 1 and 2. Dkt. 16-33. Subsequently, on November 15, 2024, Mr. Waterhouse's conditional release was revoked, and he was remanded to the custody of the Department and Oklahoma Forensic Center due to Mr. Waterhouse violating the conditions of his release plan. Dkt. 16-34. The instant petition followed on January 24, 2025. Dkt. 1.

## II

As an initial matter, Respondent contends Mr. Waterhouse's petition is properly considered pursuant to 28 U.S.C. § 2254. Dkt. 16 at 16-18. Further, regardless of the characterization of the petition, Respondent argues dismissal is appropriate because Mr. Waterhouse failed to exhaust his claims, and they are also untimely. *See* Dkt. 16.

The Court first addresses the proper characterization of Mr. Waterhouse's petition. A federal district court has jurisdiction to entertain a petition for a writ of habeas corpus by a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Generally, in the Tenth Circuit, a habeas petition under 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction or sentence,

while a habeas petition under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (a challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution of his sentence is properly brought pursuant to § 2241). A person civilly committed is a person confined pursuant to the judgment of a state court and may challenge the fact or duration of his civil commitment by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001); *see also Wiley v. 22nd J.D.C. Clerk*, Civil Action No. 13–5040, 2014 WL 247865, at *2 (E.D. La. Jan. 17, 2014) (unpublished)[3] (noting "federal courts around the country have entertained habeas petitions under 28 U.S.C. § 2254 filed by persons in a mental institution under an involuntary commitment order" and collecting cases).

Even granting Mr. Waterhouse the benefit of liberal construction afforded to *pro se* litigants, the Court understands his petition as challenging the *fact* of his civil commitment. This is evidenced by his request to be "immediate[ly] discharge[d] from the custody of the Department of Mental Health and Substance Abuse Services agency." *Id.* at 8. Accordingly, § 2254 is the proper avenue for Mr. Waterhouse to attack the validity of his civil commitment. *See e.g., Merryfield v. Kansas*, No. 09–3140-RDR, 2009 WL 3125470, at *7 (D. Kan. Sep. 25, 2009) (unpublished) (noting that civilly committed petitioner's claims challenging the legality of his commitment proceedings or the state court order of civil commitment should have been brought in a § 2254 petition, not a § 2241 petition).

## III

The Court declines to recharacterize Mr. Waterhouse's petition as one under § 2254.[4] "A habeas petitioner is generally required to exhaust state

---

[3] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

[4] This Court may not *sua sponte* recharacterize a § 2241 petition but must first notify a *pro se* litigant before recharacterizing a § 2241 petition as a § 2254 petition. *Castro v. United States*, 540 U.S. 375, 383 (2003); *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir.2005).

remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the substance of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015) (internal quotations and citation omitted). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.* The exhaustion requirement applies to a petitioner challenging a state civil commitment. *See e.g.*, *Merryfield*, 2009 WL 3125470, at *7-8; *see also Thomas v. Johnson*, Case No. 22–3076-SAC, 2022 WL 1102651, at *1-2 (D. Kan. Apr. 13, 2022) (unpublished) (noting that civilly committed petitioner's claims were unexhausted and dismissal without prejudice was the appropriate result).

Mr. Waterhouse acknowledges he has not presented any of his claims to the state court. *See* Dkt. 1 at 7. Furthermore, Mr. Waterhouse could have challenged his confinement by filing a writ of habeas corpus in state court. *See State v. Powell*, 237 P.3d 779, 780 (Okla. 2010) (recognizing that defendant committed to the Department's custody following adjudication of not guilty by reason of insanity could seek release from confinement by bringing habeas corpus action under Okla. Stat. tit. 12, § 1331); *see also Moten v. Finley*, Case No. 16-CV-696-JED-PJC, 2017 WL 4767165, at *3 (N.D. Okla. Oct. 20, 2017) (unpublished). Therefore, regardless of whether Mr. Waterhouse's petition is characterized as a § 2241 petition or § 2254 petition, it is subject to dismissal without prejudice for failure to exhaust the claims in state court.[5] The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the petition on

---

[5] Respondent also moves to dismiss Mr. Waterhouse's claims as time barred. Dkt. 16 at 24-31. Because the Court determines the petition is unexhausted, it does not address the merits of Respondent's timeliness argument.

No. 25-cv-103

procedural grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV

Mr. Waterhouse is advised that *after* he properly exhausts his claims through the state court process, he may file a § 2254 petition challenging his state commitment proceedings or the fact of his current confinement. To proceed on any § 2254 claims, he must submit a separate, new habeas corpus petition pursuant to 28 U.S.C. § 2254. The new petition must be on the § 2254 habeas corpus form provided by the Court, form OKND-2254. Mr. Waterhouse should carefully read the instructions and answer every applicable question.

## V

IT IS THEREFORE ORDERED that the motion to dismiss [Dkt. 15] is granted; the petition [Dkt. 1] is dismissed without prejudice for failure to exhaust the claims in state court; a certificate of appealability is denied; and a separate judgment of dismissal shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Mr. Waterhouse one petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (form OKND-2254).

IT IS FURTHER ORDERED that the Clerk of the Court shall note on the record the substitution of Rear Admiral Gregory Slavonic (Ret.), Interim Commissioner, in place of Debbie Moran as party Respondent.

DATED this 29th day of October 2025.

JOHN D. RUSSELL
*United States District Judge*